UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-140-GWU

HAROLD BOWLING,                                          PLAINTIFF,

VS:                     MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT,

## INTRODUCTION

Harold Bowling brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

   1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

   2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

   3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

   4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

   5.     Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.	Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.	Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."  20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).  The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Bowling, a 47 year-old former mechanic, timber cruiser, dozer operator, truck driver, and loader/operator with a 7th grade education, suffered from impairments related to lacunar syndrome, being status-post previous cerebrovascular accident, chronic obstructive pulmonary disease, estimated borderline intelligence, alcohol abuse (reportedly in sustained remission), a history of left-sided weakness, headaches, asthma, bronchitis, shortness of breath, recurrent wheezing, hypertension, hyperlipidemia, tobacco abuse and complaints of arthritis, hearing loss, visual loss, memory loss, and insomnia.  (Tr. 20, 24).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 27).  Since the claimant would still be able to perform his past work as a timber cruiser, as well as a significant number of other jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 27-28).

After review of the evidence presented, the undersigned concludes that

the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Bowling could return to his past work, the ALJ relied heavily upon the opinion of Vocational Expert James Miller. The hypothetical question presented to Miller included an exertional limitation to medium level work restricted from a full range by such non-exertional restrictions as (1) a need to avoid exposure to temperature extremes and humidity; (2) a need to avoid exposure to environmental pollutants such as dust, fumes, smoke, chemicals, and noxious gases; (3) weakness in the left upper extremity; and (4) a "limited but satisfactory" ability to relate to co-workers, interact with supervisors, deal with work stresses, maintain attention and concentration, and handle complex instructions. (Tr. 452). In response, the witness testified that the job of timber cruiser could still be performed. (Tr. 452-453). The ALJ also identified a significant number of other jobs which could still be done. (Tr. 453). Therefore, assuming that the vocational factors considered by Miller fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Bobby Kidd examined Bowling and only noted left-sided drift and weakness, a limitation reflected in the hypothetical question. (Tr. 209). The question was also essentially consistent with the restrictions identified by Dr. Timothy Gregg, a non-examining medical reviewer.[1]

---

[1] Dr. Gregg did report a need to avoid concentrated exposure to wetness which was not included in the hypothetical question. (Tr. 380). However, Section 459.387-010 of the <u>Dictionary of Occupational Titles</u>, indicates that exposure to wetness is not present in the job of timber cruiser. Therefore, any error is harmless.

(Tr. 376-384). More severe physical restrictions than those found by the ALJ were not reported by such treating and examining sources as the staff at the Heart Doctors (Tr. 189-198) and the staff at Memorial Hospital (Tr. 211-277, 401). These reports provide substantial evidence to support the administrative decision.

Dr. Vaqar Ali, a treating source at Christian Cardiology, reported that Bowling would not be able to be gainfully employed due to restrictions in his ability to perform physical activity due to his left-side weakness. (Tr. 279). The plaintiff asserts that the ALJ erred in failing to state the reasons this opinion of a treating source was rejected. The Sixth Circuit Court of Appeals recently indicted that the failure by an ALJ to this could constitute reversible error. Wilson v. Commissioner Social Security, 378 F.3d 541 (6th Cir. 2004). However, the ALJ did note that Dr. Ali's treatment records revealed only mild clinical correlation of a mild decrease in left-side strength and the record revealed that the claimant remained neurologically intact. (Tr. 21). The plaintiff continued to smoke heavily despite his breathing complaints and his physician's repeated urging that he quit. (Tr. 21). Dr. Kidd noted normal range of motion studies despite some left-sided weakness. (Tr. 22). Thus, the ALJ clearly did not believe that Dr. Ali's opinion was well-supported by the record and this was the reason for its rejection. Therefore, the Court finds no error.

The ALJ also dealt properly with the evidence of record relating to Bowling's mental status. Dr. Kevin Eggerman examined the plaintiff and noted "fair" limitations with regard to handling complex or moderately complex instructions, relating to co-workers or supervisors, and persisting on tasks or tolerating work stress. (Tr. 204). The mental factors of the hypothetical question were essentially compatible with these limitations. Psychologists Jay Athy (Tr.

7

361) and Lea Perritt (Tr. 385), the non-examining medical reviewers, did not even believe that the plaintiff's mental problems were a "severe" impairment. These reports provide substantial evidence to support the administrative decision.

Dr. Ali reported limitations in concentration and persistence, deterioration in work-like setting due to a failure to adapt to stressful situations, and difficulties in maintaining social functioning due to mental problems. (Tr. 281). The ALJ attempted to present these mental restrictions to Miller, but the expert was unable to respond because the degree of limitation was not sufficiently qualified. (Tr. 456-457). Arguably, the mental factors of the hypothetical question were compatible with these restrictions. Furthermore, Dr. Eggerman was a mental health professional. The administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues relating to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. Section 404.1527(d)(5). Thus, the ALJ could properly give his findings greater weight. Therefore, the ALJ dealt properly with the evidence of record regarding the plaintiff's mental status.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of February, 2007.



**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**